# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| NATHANIEL CALLOWAY, | : | No. 3:20-cv-735 (KAD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOLEY, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Plaintiff, Nathaniel Calloway ("Calloway"), currently confined at Carl Robinson Correctional Institution ("Robinson") in Enfield, Connecticut, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. Calloway names seven defendants: Administrative Remedy Coordinator Soley; Records Specialists King and Bassett; Counselor Supervisors Thibeauet, Miller, and Such; and Warden Caron. Calloway asserts First Amendment claims for retaliation and "protected conduct," Eighth Amendment claims for supervisory liability and emotional distress, and Fourteenth Amendment claims for wrongful imprisonment. He seeks damages as well as declaratory and injunctive relief. The complaint was received on May 28, 2020. Calloway's motion to proceed *in forma pauperis* was granted on June 11, 2020.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v.*

*Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

Calloway was housed at Robinson at all time relevant to this action. Doc. No. 1 ¶ 12. On March 15, 2019, Records Specialist King responded to an Inmate Request Calloway had sent to the Warden regarding pre-sentence jail credit discrepancies. *Id.* ¶ 13. Calloway contends that the Department of Correction records are inaccurate. *Id.* ¶ 14.

On May 21, 2019, Calloway filed a grievance because Warden Caron had not timely responded to his inmate request. *Id.* ¶ 16. On May 23, 2019, Calloway met with Administrative Remedy Coordinator Sepulvida and Counselor Supervisor Thibeauet, who asked him to withdraw the grievance. *Id.* ¶ 17. Thibeauet told Calloway that the jail credit discrepancy would be fixed, so there was no reason to uphold the grievance. *Id.* Calloway withdraw the grievance that day. *Id.*

Calloway requested copies of all of his Department of Correction time sheets for June, July, and August 2019. *Id.* ¶ 18. The sheets showed that Calloway was entitled to 291 days of jail credit under all docket numbers. *Id.* On September 13, 2019, Calloway submitted an Inmate Request stating that the Department of Correction had fixed his jail credit issue as 291 days was

applied to all docket numbers. *Id.* ¶ 19. On September 20, 2019, Calloway submitted an Inmate Request to King attaching the time sheets to show that his jail credit had been changed without notice or explanation. *Id.* ¶ 20. He did not receive a response to this request or several others. *Id.* ¶¶ 20-21.

On December 5, 2019, Calloway filed a grievance about jail credit which Warden Caron rejected on December 12, 2019. *Id.* ¶ 22. The following day, Administrative Remedy Coordinator Soley and Counselor Supervisor Such called Calloway to the A&D department. *Id.* ¶ 23. Such handed Calloway revised time sheets dated December 12, 2019 and stated that ten days were removed from one docket number because he kept "writing about jail credit and crying wolf." *Id.*

Calloway's jail credit on docket number H12M-CR-16-0254983-S was changed again from 226 days of pre-sentence jail credit to 182 days, resulting in a loss of 109 days of credit on that docket number after the "rejected grievance." *Id.* ¶ 26. Calloway submitted an Inmate Request to Warden Caron questioning the integrity of the administrative remedy process and the employees in the records department based on the deduction of 109 days of pre-sentence jail credit. *Id.* ¶ 27. The warden's office responded that jail credit cannot be taken at will. *Id.* Calloway submitted requested documentation showing when the jail credit was taken but did not receive a response. *Id.* ¶ 28.

On December 16, 2019, Calloway submitted an Inmate Request to the records department. *Id.* ¶ 29. Defendant Soley, to whom the request was not directed, responded on December 24, 2019. *Id.* ¶ 30. Calloway submitted another Inmate Request to defendants Miller, Such, King, and Bassett asking why the jail credit deductions were made only after he filed the

grievance.  *Id.* ¶ 31.  On December 27, 2019, defendant Miller provided what Calloway considered an inadequate response.  *Id.*  On December 30, 2019, Calloway submitted a request asking defendant Miller to answer correctly but received no response.  *Id.* ¶ 32. The same day, Calloway re-submitted his request to defendant Such but received no written response.  *Id.* ¶ 33.

On January 8, 2020, defendant Such toured Calloway's housing unit.  *Id.* ¶ 34.  Calloway asked if anyone was going to respond to his requests.  *Id.*  Defendant Such said no and told Calloway that he must resolve the issue in the courts.  *Id.*

On December 16, 2019, Calloway filed a grievance claiming that jail credit had been deducted as an act of retaliation.  *Id.* ¶ 35.  In January 2020, Calloway filed a petition for writ of habeas corpus addressing the calculation of his pre-sentence jail credit.  *Id.* ¶ 36.  He also filed motions to correct illegal sentence and motions to revise mittimus.  *Id.* ¶ 37.

In March 2020 court operations were suspended due to the COVID-19 pandemic.  *Id.* ¶ 39.  Calloway's motions were not decided before court operations were suspended.  *Id.*

On May 11, 2020, the unit counselor forwarded an Inmate Request to defendant Miller. *Id.* ¶ 41.  The unit counselor agreed to do so because Calloway claimed he was beyond his discharge date and defendant Miller refused to respond to requests or emails relating to Calloway's jail credit issues.  *Id.*  On May 13, 2020, Calloway received discharge papers signed by defendants Caron and King.  *Id.* ¶ 42.  Calloway disputed the discharge date because of his disagreement over jail credit.  *Id.* ¶ 43.  The unit counselor asked Calloway to submit another Inmate Request on the jail credit issue.  *Id.*

Calloway received a response from defendant Miller stating that, as Calloway had an open lawsuit regarding jail credit, all correspondence should be addressed to the Office of the

Attorney General.  *Id.* ¶¶ 44-45.

**Discussion**

Calloway asserts five claims:  (1) defendants Soley, King, Bassett, Miller and Such retaliated against him in violation of the First Amendment; (2) defendants Soley, King, Bassett, Thibeauet, Miller, and Such deprived him of protected conduct, i.e., access to the administrative remedies procedures, in violation of the First Amendment; (3) Eighth Amendment claims for supervisory liability against defendants Soley, King, Miller, Such, and Caron; (4) Eighth Amendment claims for emotional distress against defendants Soley, King, Bassett, Thibeauet, Miller, and Caron; and (5) a Fourteenth Amendment claim for wrongful imprisonment against defendants Soley, King, Bassett, Miller, Such, and Caron.  In the complaint, Calloway also appears to allege a denial of procedural due process when the defendants reduced his jail credit without notice or a hearing.  *Id.* at 17.

**Wrongful Imprisonment**

Calloway contends that defendants Soley, King, Bassett, Miller, Such, and Caron have wrongfully imprisoned him.  The court assumes that this claim is based on his allegations that he will be incarcerated beyond what Calloway considers his correct release date because his pre-sentence jail credit was reduced.

A prisoner may not collect damages for wrongful imprisonment without first showing "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  This proscription also applies to claims for improper sentence calculation.  *See*

*McDaniel v. Stachowski*, 104 F.3d 349 (2d Cir. 1998) (Table) (noting that claims for parole revocation and associated claim for sentence calculation were barred by *Heck*); *Benjamin v. Superintendent of Collins Corr. Facility*, No. 10-CV-6675Fe, 2011 WL 3555807, at *1 (W.D.N.Y. Aug. 5, 2011) (noting that prisoner's claim regarding sentence calculation was dismissed as barred by *Heck*).

Calloway acknowledges that he has commenced a state habeas proceeding challenging the pre-sentence credit application. Although Calloway states that nothing has happened in the state case as a result of the state court shutdown for the COVID-19 pandemic, the docket on the state court website for *Calloway v. Commissioner of Corr.*, No. TSR-CV20-5000468-S, shows that counsel has been appointed for Calloway and the respondent has filed a motion for summary judgment regarding the pre-sentence credit allocation. *See* Civilinquiry.jud.ct.us/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV205000468S (last visited June 12, 2020). As Calloway is currently pursuing the matter in state court, the sentence calculation has not been invalidated. Thus, his claim for damages for wrongful imprisonment is barred by *Heck* and is dismissed.

Associated with this claim is Calloway's request for an injunction restoring 109 days of pre-sentence jail credit. Any challenge to the fact or duration of confinement cannot be pursued in a section 1983 action; the prisoner must seek relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Similarly, any request for injunctive relief that would expedite release from prison cannot be granted in a section 1983 action. *Wolff v. McDonnell*, 418 U.S. 539, 554-55 (1974). It too must be pursued in a habeas corpus action. Calloway's request for restoration of the pre-sentence jail credit is dismissed.

6

**Retaliation**

Calloway asserts that defendants Soley, King, Bassett, Miller and Such retaliated against him by reducing his pre-sentence jail credit after he filed a grievance.

To state a cognizable First Amendment retaliation claim, Calloway must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks omitted)). Adverse action includes "only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Wrobel v. County of Erie*, 692 F.3d 22, 31 (2d Cir. 2012). Courts consider the circumstances of the case when evaluating the alleged adverse action. *Id.* (finding that the definition of adverse action "is not static across contexts," but "must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees … before a retaliatory action taken against them is considered adverse." (internal quotation marks and citation omitted)).

Filing a grievance is considered protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in a judicial or administrative forum is protected activity). The adverse action alleged is the reduction of jail credit which has extended Calloway's period of incarceration. In addition, Calloway has alleged that defendant Such told him that the reduction was because he kept complaining about the jail credit. Calloway's allegations are sufficient on initial review to state a plausible retaliation claim against defendants Soley, King, Bassett, Miller and Such.

7

However, as discussed above, *Heck* precludes claims based upon an improper sentence calculation. Were the court to find in Calloway's favor, it would necessarily determine, as a factual matter, that pre-sentence jail credit had been improperly withdrawn and his sentence improperly calculated. Calloway's retaliation claim is therefore barred by *Heck* and is dismissed.

**Protected Conduct**

Calloway next alleges that defendants Soley, King, Bassett, Thibeauet, Miller, and Such denied him access to the administrative remedies process. Inmates do not have a constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance properly processed. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confused a state-created procedural entitlement with a constitutional right"; "neither state policies not 'state statutes … create federally protected due process entitlements to specific state-mandated procedures'") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). Accordingly, this claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Emotional Distress**

Calloway alleges that defendants Soley, King, Bassett, Thibeauet, Miller, and Caron caused him emotional distress in violation of the Eighth Amendment. A claim "for violations of the Eighth Amendment requires (1) an 'objectively, sufficiently serious … denial of the minimal civilized measure of life's necessities' and (2) a 'sufficiently culpable state of mind' on the part of the responsible official." *Willey v. Kirkpatrick*, 801 F.3d 51, 66 (2d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Life's necessities encompass food, clothing, shelter, medical care, sanitation, and personal safety. *See Wilson v. Seiter*, 501 U.S. 294, 304

(1991).

Calloway alleges no facts suggesting that he was denied any of life's necessities.  His only challenge is to the calculation of his pre-sentence jail credit.  Calloway's claim that the repeated reductions in jail credit caused him emotional distress is not cognizable as an Eighth Amendment violation.  Any Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Procedural Due Process**

Calloway next alleges that he was denied procedural due process when the reductions were made to his pre-sentence credit without notice or a hearing.  He alleges that the reductions were made intentionally in response to his repeated requests and grievances regarding his pre-sentence jail credit.

The Supreme Court has held that a prisoner cannot state a due process claim for the deprivation of a liberty or property interest cause by an unauthorized negligent or intentional act if the state provides an adequate post-deprivation remedy.  *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  The Court reasoned that where the deprivation is caused by an unauthorized act rather than established procedures, "[i]t is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place."  *Hudson v. Palmer*, 468 U.S. 517, 532 (1994).  The Court noted that intentional deprivations would be more difficult for state officials to anticipate because the actor might take steps to disguise his intent.  *Id*. at 534 ("controlling inquiry is solely whether state is in a position to provide for pre-deprivation process").

Although *Parratt* and *Hudson* concerned a prisoner's loss of property, the Court has

9

extended this rationale to deprivations of liberty interests. *Zinnemon v. Burch*, 494 U.S. 113, 132 (1990). Thus, claims for unauthorized deprivations of liberty and property should be treated the same. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880-81 (2d Cir. 1996).

Calloway alleges that the reductions were made in retaliation for his filing grievances and requests. Thus, the alleged actions were unauthorized intentional acts. As noted above, Calloway has an adequate state remedy - his state habeas petition. *See Hurd v. City of New York*, No. 18-CV-3704(KAM)(JO), 2019 WL 4696364, at *6 (E.D.N.Y. Sept. 26, 2019) (state habeas proceeding is adequate post-deprivation remedy for claim for improper sentence calculation resulting in confinement beyond expected release date). Thus, the allegations do not state a plausible procedural due process claim and this claim is dismissed.

### Supervisory Liability

Calloway asserted claims for supervisory liability against defendants Soley, King, Miller, Such, and Caron. As the court has dismissed all substantive claims, there is no basis for a supervisory liability claim. *Marchand v. Hartman*, 395 F. Supp. 3d 202, 225 (D. Conn. 2019) (citation omitted). Calloway's supervisory liability claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## Orders

The Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As the claims are either barred by *Heck* or otherwise not cognizable, amendment would be futile. The Clerk of the court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of June 2020.

/s/
_____
Kari A. Dooley
United States District Judge

11